IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LG ELECTRONICS, INC.,<br><br>    Plaintiff and<br>    Counterclaim Defendant,<br><br>  v.<br><br>BIZCOM ELECTRONICS, INC., COMPAL ELECTRONICS, INC., and SCEPTRE TECHNOLOGIES, INC.,<br>_____/<br>EVEREX SYSTEMS, INC.,<br>_____/<br>FIRST INTERNATIONAL COMPUTER, INC. and FIRST INTERNATIONAL COMPUTER OF AMERICA, INC.,<br>_____/<br>Q-LITY COMPUTER, INC., QUANTA COMPUTER, INC., and QUANTA COMPUTER USA, INC.,<br>_____/<br><br>    Defendants and<br>    Counterclaimants. | No. C 01-01375 CW<br>    C 01-01594 CW<br>    C 01-02187 CW<br>    C 01-01552 CW<br><br>**THIS DOCUMENT RELATES TO ALL CASES**<br><br>ORDER SETTING CASE MANAGEMENT CONFERENCE AND DENYING SUMMARY ADJUDICATION OF NON-INFRINGEMENT OF THE '645 PATENT AND DESIGNATING CASES FOR ELECTRONIC COURT FILING |

    On July 7, 2006, the Federal Circuit entered its judgment affirming in part, reversing in part and vacating in part this Court's claim construction and summary judgment orders.  The mandate was issued on September 8, 2006.

    As the appellate court noted, because the Court granted

1  Defendants' motion for summary adjudication of non-infringement of
2  the '645 patent on the basis of the accused devices' failure to use
3  the claimed strobe signals, it did not reach Defendants'
4  alternative argument that they did not infringe as a matter of law
5  because the chipsets in the accused products did not include an
6  "end of access" signal as required by the asserted claims.  Having
7  considered the papers filed by the parties on this issue, the Court
8  denies Defendants' motion for summary adjudication of non-
9  infringement of the '645 patent on this ground.  LGE expert William
10 K. Hoffman opines that the accused products' PCI bus with a FRAME#
11 signal satisfies the "end of access control signal" limitation in
12 claim 1 and the "end of access system bus control signal"
13 limitation in claim 12.  Hoffman Decl. ¶ 48.  Whether Mr. Hoffman's
14 opinion is persuasive despite his failure personally to analyze the
15 internal operations of the accused chipsets is a disputed question
16 of material fact that the Court cannot resolve as a matter of law.
17     The Court hereby sets a case management conference for
18 November 3, 2006 at 1:30 p.m.  The parties shall submit a revised
19 joint case management statement within thirty days of the date of
20 this order.  The case management statement should address the
21 issues remaining for trial as well as the expected length of the
22 trial.  The parties should also prepare a claim construction chart
23 setting forth the relevant terms at issue, including the Court's
24 constructions that are still operative and the Federal Circuit's
25 revised constructions.  The Court further orders the parties to
26 arrange for a private mediation session with the Honorable Edward
27 A. Infante of JAMS, or another mutually agreed-upon mediator,
28

2

1 before the case management conference.

2     These cases are hereby designated for the Court's Electronic
3 Case Filing (ECF) Program.  Pursuant to General Order 45, each
4 attorney of record is obligated to become an ECF user and be
5 assigned a user ID and password for access to the system.  All
6 documents required to be filed with the Clerk shall be filed
7 electronically on the ECF website, except as provided otherwise in
8 section VII of General Order 45 or authorized otherwise by the
9 court.

11     IT IS SO ORDERED.



12 Dated: 9/28/06

    CLAUDIA WILKEN
13     United States District Judge

3